**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| ROBERT AARON DELCARPIO, | : | |
| | : | Civil Action No. 02-4970 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MICHAEL ABODE, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    ROBERT AARON DELCARPIO, Petitioner, Pro Se
    1117 Lehman Street
    Lebanon, Pennsylvania 17046

    CHRISTOPHER J. CHRISTIE, United States Attorney
    SUSAN C. CASSELL, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondents

**CAVANAUGH, District Judge**

Petitioner, Robert Aaron Delcarpio ("Delcarpio"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in October 2002, alleging that he was being held in the custody of the Immigration and Naturalization Service ("INS")[1] unlawfully on

---

[1] Effective March 1, 2003, the INS ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement ("BICE") of the DHS is responsible for the interior investigation and enforcement functions that formerly were

an INS detainer.  Delcarpio was in INS custody at the time he filed his habeas petition.  He was released from INS custody shortly after filing the § 2241 petition.  The petition also challenges Delcarpio's removal from the United States based on a claim of citizenship.

The named respondents are Michael Abode, Warden of the Middlesex County Jail, and the INS.  Respondents filed an Answer to the petition on April 4, 2005, asserting that Delcarpio's petition should be dismissed for failure to exhaust administrative remedies.

## BACKGROUND

In May 2001, Delcarpio received a Notice to Appear for Removal Proceedings on the grounds that he is an illegal alien and a native and citizen of Peru.  Delcarpio challenges his removal, alleging that he was born in Puerto Rico, and therefore, is a citizen of the United States.  Pending his removal proceedings, Delcarpio was detained at the Middlesex County Jail.

Delcarpio filed this § 2241 habeas petition in October 2002.  In addition to challenging his removal, he also sought to be released from INS custody.  He was released from INS custody in December 3, 2002, and this Court promptly dismissed the petition, by Order dated December 9, 2002, on the grounds that it was rendered moot by his release from INS custody.  Delcarpio filed

---

performed by the INS.

an appeal to the United States Court of Appeals for the Third Circuit on or about January 8, 2003.  By Order dated April 7, 2004, the Third Circuit remanded the matter back to this Court for disposition of Delcarpio's claim that he is a U.S. citizen not subject to removal.  The Third Circuit found that Delcarpio had satisfied the "in custody" requirement to bring his habeas action because Delcarpio was in INS custody at the time he filed his petition.

On April 4, 2005, respondents filed an answer to the petition, with a motion to dismiss, seeking to dismiss the petition for failure to exhaust administrative remedies.  Respondents state that the issue of Delcarpio's citizenship is pending in the Immigration Court, with the next hearing to be held on May 4, 2005.  Further, there is no final order of removal.

Delcarpio did not respond to the Government's motion to dismiss.

## DISCUSSION

**A.    Standard of Review**

Delcarpio seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Here, petitioner challenges his removal

proceedings on the ground that he is a citizen of the United States.  He also challenged his detention by the INS as unlawful because he is a U.S. citizen.  Because he was in INS custody at the time he filed his § 2241 petition, he satisfies the "in custody" requirement.  However, the unlawful detention claim was rendered moot by his release from INS custody in December 2002.  Thus, only his claim of citizenship remains at issue.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Respondents contend that the petition should be dismissed because Delcarpio has failed to exhaust his administrative remedies.

**B.  Delcarpio Failed to Exhaust Administrative Remedies**

Respondents assert that Delcarpio has failed to exhaust his administrative remedies before proceeding with his federal habeas petition for relief from removal.  In particular, petitioner's

removal proceeding, which will address his claim of U.S. citizenship is scheduled for May 4, 2005.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for relief.  See Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Massieu v. Reno, 91 F.3d 416, 420-21 (3d Cir. 1996)("judicial review is precluded if the alien has failed to avail himself of all administrative remedies"); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994)(administrative exhaustion required when excludable alien seeks habeas review in district court under former provisions of the INA).  This policy promotes three goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be

futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In this instance, federal law establishes a comprehensive administrative procedure governing the entry and removal of aliens. See 8 U.S.C. § 1221, et seq. Once an order of removal is issued against an alien, he or she may pursue several avenues of relief within the administrative agency that must be exhausted before the alien is eligible for federal habeas corpus relief. For example, the alien may petition the Immigration Judge to reopen or reconsider that Judge's determination, see 8 U.S.C. § 1229a(c)(5), (6), or he or she may appeal the deportation decision to the Board of Immigration Appeals ("BIA"). See 8 U.S.C. § 1229a(c)(4).

However, in this case, there is no final order of removal. In fact, removal proceedings are currently pending, and a hearing on the issue of Delcarpio's alleged U.S. citizenship is scheduled before an Immigration Judge on May 4, 2005.[2] Accordingly, this

---

[2] The May 4, 2005 hearing date has since passed. However, there is no indication from either party to this action as to the whether Delcarpio has prevailed or lost on his claim of citizenship. Moreover, even assuming that an order of removal was issued by the Immigration Court on May 4, 2005, the order is

Court clearly lacks jurisdiction of this matter until petitioner has exhausted his administrative remedies via immigration proceedings which have yet to be concluded.  The petition will be dismissed without prejudice.

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated:    May 9  , 2005

---

not yet final until affirmed by the Board of Immigration Appeals ("BIA"), if Delcarpio appeals from the Immigration Court's decision; or until the time to file an administrative appeal to the BIA has expired without any such appeal having been filed by the petitioner.

7